**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 13-30228 |
| Plaintiff - Appellee, | 13-30230 |
| v. | D.C. Nos. 2:07-cr-00081-FVS |
| | 2:12-cr-00075-FVS |
| DUSTIN T. PERRIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Submitted April 7, 2014 [**]

Before:    TASHIMA, GRABER, and IKUTA, Circuit Judges.

In these consolidated appeals, Dustin T. Perrin appeals from two consecutive

sentences of one year and a day imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Perrin contends that the district court procedurally erred by failing to explain

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

adequately the sentences imposed. We review for plain error, *see United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006), and find none. The record reflects that the court heard Perrin's arguments and imposed the consecutive sentences as a sanction for Perrin's breach of trust. *See id.* at 1182. Moreover, Perrin has not shown a reasonable probability that he would have received a different sentence had the district court provided a more thorough explanation of the sentence. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Perrin next contends that his sentence is substantively unreasonable in light of the mitigating factors, including his drug addiction, and because the district court put undue weight on the need to protect the public. The district court did not abuse its discretion in imposing Perrin's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines consecutive sentences are substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors, and the totality of the circumstances, including Perrin's repeated violations of supervised release. *See id.*; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**